**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
MARTINA CAVIEZEL AND ANDREAS
SCHENK CAVIEZEL, Individually and as
parents and natural Guardians of CC,

                 Plaintiffs,

       -against-

GREAT NECK PUBLIC SCHOOLS, a/k/a
GREAT NECK UNION FREE SCHOOL
DISTRICT; DEBBIE SHALOM, in her capacity
as Principal, Parkville School Early Childhood
Center; and DR. THOMAS P. DOLAN, in his
capacity as Superintendent of Schools,

                 Defendants.
-------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
10-cv-652 (ADS)(WDW)

**APPEARANCES:**

**Patricia Finn, Attorney P.C.**
*Attorneys for the plaintiffs*
450 Piermont Avenue
Piermont, NY 10968
       By:    Patricia Finn, Esq.,
                Jonathan Matthew Victor, Esq., of Counsel

**Frazer & Feldman, LLP**
*Attorneys for the defendants Great Neck Public Schools, Debbie Shalom, and Thomas P. Dolan*
1415 Kellum Place
Garden City, NY 11530
       By:    Joseph W. Carbonaro, Esq., of Counsel

**New York State Attorney General's Office**
*Attorneys for the defendants New York State Education Department and David Steiner*
200 Old County Road, Suite 240
Mineola, NY 11501
       By:    Assistant Attorney General Ralph Pernick, of Counsel

**SPATT, District Judge.**

The plaintiffs in this case seek a religious-based exemption from the New York State requirement that their child, CC, be immunized from certain communicable diseases before being admitted to public school. The Court previously rejected a request by the plaintiffs for a preliminary injunction in this case, Caviezel v. Great Neck Public Schools, 701 F. Supp. 2d 414 (E.D.N.Y. 2010) ("Caviezel I"), and also dismissed all of the plaintiffs' federal claims in this case. Caviezel v. Great Neck Public Schools, 739 F. Supp. 2d 273 (E.D.N.Y. 2010) ("Caviezel II"). The defendants now move for summary judgment on the plaintiffs' remaining state law claim. For the reasons that follow, the Court grants the defendants' motion.

## I. BACKGROUND

The Court has described the relevant facts of this case in detail in Caviezel I and Caviezel II, and familiarity with those facts is assumed. In short, the plaintiffs Martina Caviezel and Andreas Schenck Caviezel are the parents of minor CC, who is approximately five years old. The plaintiffs seek to enroll CC in public school without first complying with New York State's inoculation requirements, on the ground that the plaintiffs have a genuine and sincere religious objection to the practice of immunization. Such an exception is available under New York State Public Health Law, Section 2164(9), and, according to the plaintiffs, also under the Federal Constitution.

The plaintiffs commenced this case on February 16, 2010, seeking that the defendant Great Neck Public Schools be directed to enroll CC in school without her being inoculated. At the time they commenced the case, the plaintiffs also moved by order to show cause for a preliminary injunction for the same relief. On March 15,

2010, the Court held an evidentiary hearing on the plaintiffs' request for an injunction. On April 5, 2010, the Court issued an order denying this request for injunctive relief. Based primarily on extensive testimony by the plaintiffs at the hearing, the Court found that the plaintiffs' objections to vaccination were not "'religious' in nature", and that CC was therefore not entitled to an exemption from the inoculation requirement. Caviezel I, 701 F. Supp. 2d at 429.

On September 24, 2010, following the denial of the preliminary injunction, the Court on motion dismissed all of the constitutional claims that the plaintiffs had asserted against the defendants. Caviezel II, 739 F. Supp. 2d at 285. This meant that the plaintiffs' only remaining claim was their cause of action pursuant to New York State Public Health Law, Section 2164(9). Further, it meant that there was no independent federal basis for the Court's subject matter jurisdiction over that state law claim. In light of this, the defendants requested that the Court decline jurisdiction over the plaintiffs' state law claim. However, citing the importance of timely resolving whether CC could be enrolled in school without vaccination, the Court elected to exercise its pendant jurisdiction, and did not dismiss the plaintiffs' state law cause of action. Id.

Now, the defendants move for summary judgment on the plaintiffs' single remaining state law claim. In doing so, the defendants request that the Court either (1) decline jurisdiction over the remaining claim, based on the newly discovered fact that the plaintiffs have appealed the school district's denial of an exemption to the New York State Commissioner of Education, or (2) dismiss the plaintiffs' claim on the merits. The plaintiffs oppose the defendants' motion for summary judgment in its entirety.

3

## II. DISCUSSION

### A. As to the Defendants' Request that the Court Decline Jurisdiction Over the Plaintiffs' State Law Claim

In Caviezel II, the Court considered the defendants' request that the Court decline pendant jurisdiction over the plaintiffs' state law claim. Resolving this issue, the Court stated that, "in view of the time sensitivity of this case, the Court elects to continue to exercise its pendant jurisdiction over the plaintiff's state law claim." Caviezel II, 739 F. Supp. 2d at 285. Now, the defendants renew their request that the Court decline pendant jurisdiction, on the ground that a new fact has emerged. Namely, the defendants point out that the plaintiffs have appealed the defendants' denial of a vaccination exemption to the New York State Commissioner of Education. The defendants assert that this appeal constitutes a parallel state litigation of precisely the same state law issue before the Court, and that the Court should therefore decline jurisdiction to allow the state proceeding to go forward alone.

The Court has reviewed the defendants' submissions in support of this argument, as well as the applicable law, and declines to modify its previous ruling. In light of the advanced state of this case and the important timeliness factor with regard to the child's education, it is the Court's view that it is most prudent that it maintain pendant jurisdiction over the plaintiffs' state law claim. The Court therefore denies the defendants' request that the Court dismiss the plaintiffs' claim on jurisdictional grounds.

### B. As to the Defendants' Request that the Court Grant Judgment Against the Plaintiffs on the Merits

The defendants also move for summary judgment on the merits of the plaintiffs' New York State Public Health Law, Section 2164(9) claim.

The Court's analysis of the defendants' summary judgment motion is somewhat unique given the procedural peculiarities of this case. As a general matter, Fed. R. Civ. P. 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Here, if the Court analyzed the defendants' Rule 56 motion strictly under the ordinary method, the defendants would not be entitled to summary judgment. That is, taking the evidence in the best light for the plaintiff and making no credibility determinations, there would be obvious triable issues of fact as to whether the plaintiffs had a genuine and sincere religious objection to the inoculation of CC. See, e.g., Kaytor v. Electric Boat Corp., 609 F.3d 537, 645 (2d Cir. 2010) ("In reviewing the evidence and the inferences that may reasonably be drawn [on a Rule 56 motion], the court may not make credibility determinations or weigh the evidence." (internal quotations and emphasis omitted)).

However, two additional procedural considerations make the traditional application of Rule 56 inappropriate in this case. First, as the Court decided in Caviezel II, the trial on the merits in this case is non-jury. 739 F. Supp. 2d at 277. Second, at that non-jury trial, the Court may consider the extended testimony that the plaintiffs gave at the preliminary injunction hearing. See Fed. R. Civ. P. 65(a)(2) ("evidence that is received on [a motion for preliminary injunction] and that would be admissible at trial becomes part of the trial record and need not be repeated at trial."). Thus, as the Court will weigh at this trial precisely the same evidence it already heard in Caviezel I, it would be a needless procedural fiction for the Court at the summary judgment stage to ignore its previous substantive findings.

Nevertheless, as the Second Circuit points out, "[i]t would [] be anomalous at least in most cases . . . to regard the [preliminary injunction] ruling as foreclosing the subsequent, more thorough consideration of the merits that the preliminary injunction expressly envisions." Goodheart Clothing Co., Inc. v. Laura Goodman Enterprises, Inc., 962 F.2d 268, 274 (2d Cir. 1992). Thus, the Court cannot mechanically grant judgment to the defendants based solely on the evidence taken at the preliminary injunction hearing. Rather, in this context the Court understands Rule 56 to require that the Court consider whether judgment as a matter of law is appropriate in light of both (1) the evidence taken at the preliminary injunction hearing, as weighed by the Court, and (2) any additional evidence presented by the parties, taken in the best possible light for the plaintiffs.

Ultimately, this determination is easily made, because the plaintiffs have presented *no* additional evidence in opposition to the defendants' motion for summary judgment. Rather, the plaintiffs' attorney has primarily offered general statements in her memorandum of law indicating that the plaintiffs would offer "additional" or "further" evidence at trial, without specifying the nature of this evidence. (Pls.' Opp. at 5–6, 8, 10.) In her most specific comments, the plaintiff's attorney has indicated that the plaintiffs would offer additional testimony at trial to the effect that (1) certain tattoos that the plaintiff Martina Caviezel has "are in fact prayers", and (2) the family "engage[s] in religious rituals, prayer, meditation, tattooing, fasting and other types of activities that would be considered an indicia of a religion." (Pls.' Opp. at 6, 11.) However, even if such testimony would alter the outcome of this motion—a result that is doubtful—the Court cannot consider these statements because the plaintiffs have

6

provided no affidavit containing those statements. See, e.g., Fletcher v. Atex, Inc., 68 F.3d 1451, 1456 (2d Cir. 1995) ("mere conclusory allegations or denials in legal memoranda . . . are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist." (internal quotation marks and citations omitted)).

Thus, because the plaintiffs present no additional evidence to the Court beyond what was adduced at the preliminary injunction hearing, the Court's analysis of that evidence, as set forth in its extensive Caviezel I opinion, stands. The Court therefore finds that the plaintiffs do not have a valid religious objection to CC's vaccination, and that the defendants are entitled to judgment as a matter of law on the plaintiffs' remaining state law claim.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the defendants' motion for summary judgment dismissing the plaintiff's claim pursuant to New York State Public Health Law, Section 2164(9) is granted; and it is further

**ORDERD** that the Clerk of the Court is respectfully directed to mark this case closed.

**SO ORDERED.**

Dated: Central Islip, New York
July 23, 2011

                                                                                 /s/ Arthur D. Spatt
                                                                              ARTHUR D. SPATT
                                                                    United States District Judge